IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| J.H., *et al.*; | : |
| | : **Civil Action No.** |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : JUDGE |
| MULTI-COUNTY JUVENILE | : |
| DETENTION FACILITY, *et al.*, | : |
| | : MAGISTRATE JUDGE |
| Defendants. | : |

## PLAINTIFFS' MOTION FOR LEAVE TO FILE COMPLAINT AND PROCEED USING INITIALS

Plaintiffs, by and through undersigned counsel, hereby move the Court, pursuant to its inherent power and the letter and spirit of Fed.R.Civ.P. 5.2 and 17(a), for leave to file a Complaint and proceed in this action by using the initials of the Plaintiffs, who are individuals adjudicated to be juvenile delinquents and, for Plaintiffs who are still minors, their guardian alleging civil rights violations in the prison conditions of their confinement as juvenile delinquents by Defendants, because Plaintiffs will disclose privately to Defendants their actual names; the allegations include references to delinquency, misconduct while imprisoned, behavioral and psychological conditions, and licit and illicit drug abuse; and Plaintiffs hope that as they mature into adulthood they can keep confidential to the extent practicable their youthful indiscretions, conditions, and drug abuse.

Respectfully submitted,

By: */s/ Edward R. Forman*
Edward R. Forman (0076651)
(*eforman@marshallandmorrow.com*)
John S. Marshall (0015160)
(*jmarshall@marshallandmorrow.com*)
MARSHALL AND MORROW LLC
250 Civic Center Dr., Suite 480
Columbus, Ohio 43215-5296
(614) 463-9790
Fax (614) 463-9780

Andrew Biller (0081452)
(*andrewbilleresq@gmail.com*)
Trial Counsel for Plaintiffs
The Law Firm of Andrew Biller
Easton Town Center
4200 Regent Street, Suite 200
Columbus, OH 43219
(614) 939-9022
Fax (614) 583-8107

*Trial Attorneys for Plaintiffs*

**OF COUNSEL:**

Louis A. Jacobs (002101)
(*LAJOhio@aol.com*)
177 19th St., Apt. 9C
Oakland, CA 94612
(614) 203-1255
Fax (510) 250-9007

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE COMPLAINT AND PROCEED USING INITIALS

The Plaintiffs in this action consist of an 18-year-old and two minors and their guardians. The 18-year-old and two minors had been adjudicated juvenile delinquents and are seeking damages and other relief for the cruel and unusual punishment Defendants inflicted on them when they were incarcerated. In the allegations they alleged that they had been diagnosed with behavioral or psychological conditions and/or abuse of licit or illicit drugs.

Pursuant to Fed.R.Civ.P. 5.2(a)(3), filings with the Court should generally redact to initials the name of an individual known to be a minor. Fed.R.Civ.P. 17(a) permits a guardian to sue on behalf of a minor. Using the full names of the 18-year-old Plaintiff and the two adult guardians will make public their juvenile adjudications, conditions, and/or drug abuse. This Court has the power to grant all Plaintiffs leave to proceed with their initials. *See, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 187 (2nd Cir. 2008); *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 550 (D.N.J. 2006).

In *Sealed Plaintiff*, a "Jane Doe" pseudonym was used by a plaintiff alleging physical and sexual assault in violation of her civil rights. The District Court held that all complaints had to be filed with the actual names of a party, and the Second Circuit reversed. A balancing is required of the public interest in disclosure of the name and potential prejudice to the defendant, and factors include: (1) whether the litigation involves highly sensitive matters of a personal nature; (2) whether there is risk of retaliation against the plaintiff; (3) whether disclosure of plaintiff's identity may subject the plaintiff to other harms; (4) the vulnerability of plaintiff to harm from disclosure; (5) whether the action challenges government conduct as opposed to private conduct; (6) the potential prejudice to defendant if plaintiff proceeds by pseudonym and

whether the prejudice can be mitigated; (7) "whether the plaintiff's identity has thus far been kept confidential"; (8) "whether the public interest in the litigation is furthered by requiring the plaintiff to disclose his identity"; (9) whether, because of the purely legal nature of the issues presented, there is an "atypically" weak public interest in disclosure of plaintiff's identity; and (10) whether there is an alternative mechanism for protecting plaintiff's confidentiality. *Sealed Plaintiff*, 537 F.3d at 187.

In *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. at 550, a plaintiff who suffered from bipolar disorder alleged wrongful denial of long-term disability benefits, and the Court permitted him to proceed by pseudonym, explaining that litigants who suffer from mental illness should not be chilled from litigating their claims due to fear of stigmatization. The Court reasoned: "Plaintiff's situation is analogous to a woman seeking an abortion or a homosexual fired from his job because of his sexual orientation." *Id.* The analogy applies to Plaintiffs as well.

The public interest in identifying information about minors adjudicated to be juvenile delinquents is nearly non-existent. Subject to limited exceptions, O.R.C. § 2151.14(B), provides that "the reports and records of the [youth services department] shall be considered confidential information and shall not be made public." Juvenile proceedings are conducted in a way that minimizes public disclosure. Ohio and other States recognize "that exposure of a juvenile's record of delinquency would likely cause impairment of rehabilitative goals of the juvenile correctional procedures. This exposure, it is argued, might encourage the juvenile offender to commit further acts of delinquency, or cause the juvenile offender to lose employment opportunities or otherwise suffer unnecessarily for his youthful transgression." *Davis v. Alaska*, 415 U.S. 308, 319 (1974). The limited exceptions to confidentiality, *see, e.g., State v. Hart*, 57

Ohio App.3d 4, 566 N.E.2d 174 (6th Dist. 1988) (*per curiam*), prove the rule: the public interest favors anonymity to facilitate the maturing offender's full participation in society.

Balancing the pertinent factors from *Sealed Plaintiff* supports granting Plaintiffs' motion. Their adjudications as juvenile delinquents and related behavioral or psychological conditions and/or abuse of licit or illicit drugs are highly sensitive matters of a personal nature. Although there is little risk of imminent retaliation against them – indeed, their full names will be privately divulged to Defendants – the stigma attached to their adjudications, conditions, and drug abuse will expose them to retaliation by others, including employers, in the future. Exposure to these other harms should be avoided.

Governmental, rather than private, conduct is being challenged in this action. Vindication of civil rights by individuals mistreated after having been adjudicated juvenile offenders would be deterred were publicity the price they had to pay. Courts have typically granted leave to proceed by initials or anonymously in constitutional cases. *See, e.g., J.D.B. v. N. Carolina*, 131 S. Ct. 2394, 2398 (2011) ("This case presents the question whether the age of a child subjected to police questioning is relevant to the custody analysis of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)."); *United States v. Juvenile Male*, 131 S. Ct. 2860, 2862 (2011) (*per curiam*) (allegation that "Sex Offender Registration and Notification Act (SORNA), 42 U.S.C. § 16901 *et seq.*, violate the *Ex Post Facto* Clause of the Constitution, Art. I, § 9, cl. 3, when applied to juveniles adjudicated as delinquent before SORNA's enactment"); *Parham v. J. R.*, 442 U.S. 584, 587 (1979) ("The question presented in this appeal is what process is constitutionally due a minor child whose parents or guardian seek state administered institutional mental health care for the child and specifically whether an adversary proceeding is required prior to or after the commitment.").

No prejudice to Defendants will occur. Mitigation through private disclosure to them will avoid any potential for prejudice.

Plaintiffs do not know of any prior public disclosure beyond the juvenile justice system of their adjudications, conditions, and/or drug abuse. Nor are they aware of alternative ways to permitting them to proceed through their initials of protecting their privacy interests.

This Court should, therefore, exercise its power to grant Plaintiffs' motion.

Respectfully submitted,

By: */s/ Edward R. Forman*
Edward R. Forman (0076651)
(*eforman@marshallandmorrow.com*)
John S. Marshall (0015160)
(*jmarshall@marshallandmorrow.com*)
MARSHALL AND MORROW LLC
250 Civic Center Dr., Suite 480
Columbus, Ohio 43215-5296
(614) 463-9790
Fax (614) 463-9780

Andrew Biller (0081452)
(*andrewbilleresq@gmail.com*)
Trial Counsel for Plaintiffs
The Law Firm of Andrew Biller
Easton Town Center
4200 Regent Street, Suite 200
Columbus, OH 43219
(614) 939-9022
Fax (614) 583-8107

*Trial Attorneys for Plaintiffs*

**OF COUNSEL:**

Louis A. Jacobs (002101)
(*LAJOhio@aol.com*)
177 19th St., Apt. 9C
Oakland, CA 94612
(614) 203-1255
Fax (510) 250-9007

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing is being sent to defendants along with two copies of the Complaint and a request for waiver of service of summons this 18th day of September, 2014.

By: */s/ Edward R. Forman*